IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL SHEEHAN : CIVIL ACTION
:
v. :
:
MICHAEL J. ASTRUE, :
Commissioner of Social Security : NO. 10-5598

REPORT AND RECOMMENDATION

L. FELIPE RESTREPO  FEBRUARY 28, 2013
UNITED STATES MAGISTRATE JUDGE

Plaintiff, Michael Sheehan, filed this action pursuant to 42 U.S.C. §§ 1383(c)(3) and 405(g), for review of the final decision of the Commissioner of Social Security ("Commissioner"), who denied plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 1381-1383f, 401-433. Before the Court are Plaintiff's Motion for Summary Judgment, plaintiff's brief in support thereof, and Defendant Commissioner's Response to Plaintiff's Request for Review. For the reasons which follow, plaintiff's motion for summary judgment should be granted insofar as plaintiff requests a remand.

1. **PROCEDURAL HISTORY**

In June 2008, plaintiff filed an application for DIB alleging disability as of June 1, 2008. (R. 98-105). This application was denied, and plaintiff requested an administrative hearing. (R. 59-62).

On September 22, 2009, a hearing was held before an Administrative Law Judge ("ALJ"), at which time plaintiff and a vocational expert ("VE") testified. (R. 19-52). The ALJ issued a decision dated October 2, 2009 finding that plaintiff was not disabled under the Act. (R. 7-18). On August 20, 2010, the Appeals Council denied plaintiff's request for review, and the ALJ's decision consequently became the final decision of the Commissioner (R. 1-5).[1] See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001).

Plaintiff subsequently initiated this action, and the parties filed their respective motion and briefs. Plaintiff alleges that the ALJ erred in her vocational analysis, see Pl.'s Br. 10, failed to adequately explain her credibility determination, id. at 11, and failed to properly weigh and analyze the record, id. at 11-13. Further, plaintiff alleges that the ALJ improperly rejected plaintiff's complaints of pain and fatigue as inconsistent with the treating record. Id. at 13, 14. Plaintiff also argues that the ALJ's hypothetical posed to the VE did not account for plaintiff's impairments and complaints as a whole, and failed to consider both the severe and non-severe conditions in combination. Id. at 10. Therefore, plaintiff urges the Court to vacate the Commissioner's final decision and remand to the Commissioner for further development and review. Id. at 15.

Defendant Commissioner responds that the ALJ's residual functional capacity ("RFC") determination is supported by substantial evidence, see Def.'s Br. 3, that the ALJ properly

---

[1]Following the Appeals Council's denial of plaintiff's request for review, and notwithstanding the filing of this pending civil action, plaintiff filed a subsequent application for DIB on Oct. 19, 2010, and on Aug. 7, 2012 an ALJ found that plaintiff **was** disabled under the Act and that plaintiff was eligible for DIB beginning Oct. 3, 2009, one day after the ALJ's decision at issue in this pending action. See ALJ Decis'n 8/7/12, at 7. The Aug. 7, 2012 ALJ decision which granted DIB also denied benefits prior to Oct. 3, 2009 "due to res judicata," in light of the Oct. 2, 2009 ALJ decision presently at issue. Id. at 4.

2

granted only limited weight to the opinion of Sara Marks Tabby, M.D., id. at 6, and that the ALJ's hypothetical question was supported by substantial evidence, id. at 10. The Commissioner urges the Court to find that substantial evidence supports his final decision, and therefore that the denial of benefits be affirmed. Id. at 11.

## 2. ALJ'S FINDINGS

The ALJ made the following findings in her October 2, 2009 decision:

> 1. The claimant meets the insured status requirements of the [Act] through December 31, 2013.
>
> 2. The claimant has not engaged in substantial gainful activity since June 1, 2008, the alleged onset date (20 C.F.R. [§] 404.1571 *et seq*.).
>
> 3. The claimant has the following severe impairment: degenerative disc disease of the spine with radiculopathy; degenerative arthritis of the knee; and obesity (20 C.F.R. [§] 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. [§§] 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, I find that the claimant has the RFC to perform sedentary work as defined in 20 C.F.R. [§] 404.567(a) except he needs to alternate between sitting and standing at will throughout the day.
>
> 6. The claimant is unable to perform any past relevant work (20 C.F.R. [§] 404.1565).
>
> 7. The claimant was born on February 7, 1964 and was 44 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. The claimant subsequently changed his age category to a younger individual age 45-49 (20 C.F.R. [§§] 404.1563).

3

8. The claimant has at least a high school education and is able to communicate in English (20 C.F.R. [§] 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. [§§] 404.1569 and 404.1569 (a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 1, 2008 through the date of this decision (20 C.F.R. [§] 404.1520(a)).

(R. 10-18). Thus, the ALJ concluded that plaintiff was not entitled to DIB under the Act. (R. 18).

### 3. STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited, and this Court is bound by the factual findings of the Commissioner if they are supported by substantial evidence and decided according to correct legal standards. See Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000). Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate." Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). It consists of more than a mere scintilla of evidence but may be less than a preponderance of the evidence. Burns, 312 F.3d at 118.

"'Substantial evidence' can only be considered as supporting evidence in relationship to all other evidence in the record." Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983) (quoting

Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)). Therefore, despite the deference to administrative decisions in disability benefit cases, the Court "retain[s] a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)). The ALJ must also comport with proper procedure and apply proper legal standards. Coria v. Heckler, 750 F.2d 245, 247 (3d Cir. 1984).

**4. SEQUENTIAL EVALUATION**

The Social Security Act authorizes the Social Security Administration ("SSA") to pay benefits to persons who have a "disability." See Barnhart v. Thomas, 124 S. Ct. 376, 378 (2003). The Act defines disability in terms of the effect an impairment has on a person's ability to function in the workplace. Id. Specifically, a disability is established where the claimant demonstrates the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); see Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001) (citing Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999)).

The SSA has promulgated regulations ("the regulations") establishing a five-step sequential evaluation to determine whether a claimant is disabled. See Ramirez v. Barnhart, 372 F.3d 546, 550 (3d Cir. 2004); 20 C.F.R. § 404.1520. At step one, the SSA will find that a claimant is not disabled if he is engaging in "substantial gainful activity." 20 C.F.R. § 404.1520(b). If the claimant is not working at substantial gainful activity, then the SSA proceeds

to step two and determines whether the claimant has a "severe impairment."[2] If so, the SSA proceeds to step three and determines whether the impairment meets or equals an impairment identified in the Listing of Impairments ("Listings") attached to the regulations, see 20 C.F.R. Pt. 404, Subpt. P, App. 1.[3]  See 20 C.F.R. § 404.1520(d).

If the claimant does not have an impairment which meets or equals one of the Listings, the inquiry proceeds to step four, and the SSA assesses whether the claimant has the RFC to perform his past relevant work.[4]  Id. § 404.1520(a)4)(iv).  If the claimant can still do his previous work, he will be found to be "not disabled."  Id.  However, if the claimant is unable to perform his past relevant work, the SSA reaches step five and has the burden of demonstrating that the claimant "can make an adjustment to other work" that exists in significant numbers in the national economy, considering his RFC together with the vocational factors of age, education, and work experience.  Id. § 404,1520(c) and (g).  If the claimant cannot make an adjustment to other work, the SSA will find the claimant disabled at step five.  Id. § 404.1520(g); see Thomas, 123 S. Ct. at 379; Ramirez, 372 F.3d at 551.

---

[2]Under the regulations, a claimant has a severe impairment if he or she has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R. § 404.1520(c).

[3]In the alternative, if the claimant has an impairment which meets the duration requirement and meets or equals a listed impairment, the SSA will find the claimant disabled without considering his age, education, and work experience.  20 C.F.R. § 404.1520(d).  Thus, the listed impairments are presumed severe enough by the SSA to render one disabled.  See Ramirez, 372 F.3d at 550.

[4]Under the regulations, RFC is defined as "what [a claimant] can still do despite [the claimant's] limitations."  20 C.F.R. § 404.1545(a); see Ramirez, 372 F.3d at 551 n.1.

In this case, after reviewing the evidence in the record, the ALJ applied the sequential analysis and reached step five, finding that while plaintiff could not perform any of his past relevant work, "there are jobs that exist in significant numbers in the national economy that [plaintiff] can perform." (R. 17, Finding 10.) Accordingly, the ALJ found that plaintiff "ha[d] not been under a disability, as defined in the [Act], from June 1, 2008 through the date of [the ALJ's] decision." (R. 18.)

**5. DISCUSSION**

The Third Circuit Court of Appeals has "repeatedly emphasized that the special nature of proceedings for disability benefits dictates [extra] care on the part of the agency in developing an administrative record and in explicitly weighing all evidence." Fargnoli, 247 F.3d at 42 (quoting Dobrowolsky v. Califano, 606 F.2d 403, 406-407 (3d Cir. 1979)); see Coleman v. Chater, 1997 WL 452192, *3 (D. N.J. July 22, 1997). Thus, the ALJ must explicitly analyze all evidence in the record and cannot disregard evidence without providing an adequate reason. Reefer v. Barnhart, 326 F.3d 376, 381-82 (3d Cir. 2003); Fargnoli, 247 F.3d at 42; see also Coleman, 1997 WL 452192, at *3. "In the absence of such an [explanation], the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." Burnett v. Comm'r of SSA, 220 F.3d 112, 121 (3d Cir. 2000) (quoting Cotter, 642 F.2d at 705). Therefore, "unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight [he] has given to obviously probative exhibits, to say that [his] decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'" Gober v. Matthews, 574 F.2d 772, 776

7

(3d Cir. 1978) (quoting Arnold v. Secretary of HEW, 567 F.2d 258, 259 (4th Cir. 1977)); see Burnett, 220 F.3d at 121; Plummer, 186 F.3d at 429; Cotter, 642 F.2d at 705.

### A. The ALJ Improperly Rejected Dr. Tabby's Opinion.

Plaintiff contends that the ALJ did not give sufficient weight to the opinion of Sara Marks Tabby, M.D. See Pl.'s Br. 11-12. Upon review of the record, it is apparent that the ALJ did not properly analyze all the evidence and improperly discounted Dr. Tabby's opinion, while accepting an opinion of a consultative examiner, Dr. Haresh Punjabi.

Generally, examining sources are given less weight than treating sources, but more weight than non-examining sources. 20 C.F.R. § 404.1524(d)(1) and (2). When "the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose [which physician] to credit," but may not reject evidence for an incorrect reason or for no reason at all. Morales, 225 F.3d at 318. Additionally, "[t]he adjudicator is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability." Adorna v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994).

"Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, . . . an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." See Cotter, 642 F.2d at 706-07 (citation omitted); see also Reefer, 326 F.3d at 381-82; Fargnoli, 247 F.3d at 41. Therefore, as pointed out above, the ALJ has a duty to adequately explain the weight given to the evidence. See Kent, 710 F.2d at 115.

Here, the ALJ failed to analyze and sufficiently explain the weight given to probative medical evidence in the record. The ALJ reasoned that the evidence from consultative examiner Dr. Punjabi (R. 252-62), who saw plaintiff once, was more reliable than that of Dr. Tabby (R. 387-92), who also saw plaintiff once. Indeed, the ALJ afforded "significant weight" to assessments made by the non-treating consultative examiner Dr. Punjabi (R. 16). The ALJ dismissed Dr. Tabby's opinion by saying that it was too restrictive based on the evidence. (Id.) Additionally, the ALJ stated that the claimant was sent to Dr. Tabby by his representative because plaintiff's treating physician would not complete the report. (Id.) However, this appears to be misleading, at best, in light of plaintiff's own testimony indicating that plaintiff's treating doctor referred him to see Dr. Tabby. (R. 27-28.) The ALJ emphasized Dr. Punjabi's opinion that plaintiff was uncooperative on examination since he refused to squat or walk on his heels and toes (R. 259). However, upon examination, Dr. Tabby found that plaintiff could not use his feet for repetitive motion and that he could not squat, kneel, crawl, or climb stairs or ladders (R. 16). Indeed, Dr. Tabby's examination revealed, among other things, "**severe** paraspinal **spasm** and tenderness from L1 to L5 with straightening of the lordosis," "bilateral sciatic notch tenderness," and **positive straight leg raising**. (R. 387-88 (emphasis added).) "Results of straight leg raising tests have been held to be **objective** medical evidence." Greene v. Barnhart, 2006 WL 1791264, *5 (E.D. Pa. June 26, 2006) (citing circuit and district court cases). Under the regulations, "[o]bjective medical evidence is evidence obtained from the application of medically acceptable clinical and laboratory diagnostic techniques, such as evidence of reduced joint motion, **muscle spasm**, [and] sensory deficit or motor disruption." 20 C.F.R. § 404.1529(c)(2) (emphasis added); see, e.g., Johnson v. Comm'r of Soc. Sec., 263 Fed. Appx.

9

199, *4 n.7 (3d Cir. 2008); Burnett, 220 F.3d at 121-22; see also Ortiz-Torres v. Callahan, 1997 WL 431016, *6 (E.D. Pa. July 15, 1997) (quoting 20 C.F.R. § 404.1529(c)(2)). "When present, these findings tend to lend credibility to an individual's allegations about pain or other symptoms." Rudolph v. Apfel, 1998 WL 42269, *1 (E.D. Pa. Jan. 14, 1998) (quoting SSR 96-7p, 61 Fed. Reg. 34483, at 34485-86).

The ALJ dismissed Dr. Tabby's impression as "not consistent with plaintiff's activities which include more than one hour of walking and more than four hours of sitting, the mild to moderate findings, and the relatively conservative treatment administered [by the VA]." (R. 16.) However, the ALJ appears to have mischaracterized portions of plaintiff's statements made at the hearing and in the record. For example, one of the ALJ's findings was that plaintiff was capable of bowling in a league (R. 13). However, upon closer review of plaintiff's testimony, plaintiff stated that he had not been bowling regularly in a year and that he would likely not be well enough to bowl (R. 32-35). The ALJ also opined that since plaintiff was well enough to go on a fishing trip with a friend and to drive to North Carolina to visit his daughter, he could stay seated for long periods of time (R. 13, 15). Again, upon closer review of plaintiff's testimony, he stated that he did not do the majority of the driving, and they had to take frequent breaks because he could not stay seated for long periods of time (R. 36-38). Additionally, the ALJ noted that plaintiff cooked complete meals daily (R. 13). However, plaintiff's testimony clarified that he cooked short, ready-made meals (R. 45).

Thus, in support of the ALJ's credibility finding regarding evidence from Dr. Tabby, the ALJ has improperly pointed to inaccurate descriptions of record evidence. As pointed out by our Court of Appeals in Morales and Cotter, an ALJ may not reject evidence for the wrong reason.

10

Since the ALJ failed to properly analyze all the probative evidence in the record in discrediting medical evidence and failed to provide a sufficient explanation for weight given to relevant evidence in the record, this case should be remanded for a proper analysis of the evidence.

### B. ALJ's Severity Finding Regarding Plaintiff's Mental Impairment

Plaintiff contends that substantial evidence does not support the ALJ's finding that plaintiff's depression was not a severe impairment. See Pl.'s Br. 12. Upon review of the record, it is apparent that the ALJ did not sufficiently analyze all the evidence and improperly determined that plaintiff's mental impairment did not cause more than a minimal limitation in his ability to perform basic mental work activities.

Under the regulations at step two, a claimant has a severe impairment if he has "any impairment or combination of impairments which significantly limit [the claimant's] physical or mental ability to do basic work activities."[5] 20 C.F.R. § 404.1520(c). "By contrast, a non-severe impairment has 'no more than a minimal effect' on the individual's ability to perform basic work activities." See Woodson, 2004 WL 1102363, at *6 (quoting SSR 85-28, 1985 WL 5685, at *3).

The Third Circuit has stated that although the substantial evidence standard applies at step two of the sequential evaluation, "[t]he burden placed on an applicant at step two is not an exacting one." McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004); see Mason v.

---

[5]The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs." Woodson v. Barnhart, 2004 WL 1102363, *6 (E.D. Pa. May 11, 2004) (quoting 20 C.F.R. § 416.921(b)); see 20 C.F.R. § 404.1521. Examples of basic work activities include, inter alia, mental functions such as: understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. § 404.1521(b).

Barnhart, 2004 WL 3019319, *1 (E.D. Pa. Dec. 28, 2004). The Court of Appeals explained: "Although the regulatory language speaks in terms of 'severity,' the Commissioner has clarified that an applicant need only demonstrate something beyond a slight abnormality or a combination of abnormalities which would have no more than a minimal effect on an individual's ability to work." McCrea, 370 F.3d at 360; see Mason, 2004 WL 3019319, at *1.

Thus, "[t]he step-two inquiry is a *de minimis* screening device to dispose of groundless claims." Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003). "If the evidence presented by the claimant presents more than a 'slight abnormality,' the step-two requirement of 'severe' is met, and the sequential evaluation process should continue." Id. "Reasonable doubts on severity are to be resolved in favor of the claimant." Id.

As previously mentioned, an ALJ cannot reject evidence for no reason or for the wrong reason; an adequate rationale is required to support the ALJ's findings. See Cotter, 642 F.2d at 706-07. Therefore, although an ALJ must determine credibility to be given evidence, she must indicate sufficient reasons for a conclusion that evidence is not credible, see id. Unless the ALJ has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, it cannot properly be said that substantial evidence supports the ALJ's findings. See Gober, 574 F.2d at 776-77.

When a claimant alleges a mental impairment as in this case, the ALJ must rate the degree of limitation arising from the mental impairment with respect to four broad areas of functioning. This includes: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3). Here,

the ALJ determined that plaintiff's impairments caused no more than a mild degree of limitation in the first three functional areas, and no episodes of decompensation which have been of extended duration in the fourth area.[6] (R. 13-14.) The ALJ concluded that "the claimant has a non-severe mental impairment" regarding plaintiff's depression disorder. (R. 14 (citing 20 C.F.R. §§ 404.1520a(d)(1) and 416.920a(d)(1)).)

Plaintiff was diagnosed with depression, and he was treated with therapy and medication. See Def.'s Br. 9 (citing R. 259-60). Furthermore, a review of plaintiff's Behavioral Health Lab Consultation (R. 346-47) indicates that he "[met] the criteria for a current major depressive episode." (Id.) According to this report, plaintiff exhibited suicidal ideation on multiple occasions during his treatment. (Id.) The ALJ failed to acknowledge, let alone explain the weight given to, this report (R. 10-18.), despite the duty to explicitly analyze all evidence in the record and provide an adequate reason for disregarding evidence, see Reefer, 326 F.3d at 381-82; Fargnoli, 247 F.3d at 42; see also Coleman, 1997 WL 452192, at *3.

Additionally, the ALJ deemed plaintiff to have only mild limitations in the four aforementioned broad functional areas. (R. 13-14.) However, according to the Psychiatric Review Technique completed by Dr. Sidney Segal, plaintiff was diagnosed with moderate limitations in concentration, persistence and pace as well as moderate limitations in social functioning. (R. 263-75.) The ALJ failed to explain her reasoning for the discrepancy between

---

[6]Title 20 C.F.R. § 404.15.20a(c)(4) provides in relevant part: "When we rate the degree of limitation in the first three functional areas (activities of daily living; social functioning; and concentration, persistence, or pace), we will use the following five-point scale: None, mild, moderate, marked, and extreme. When we rate the degree of limitation in the fourth functional area (episodes of decompensation), we will use the following four-point scale: None, one or two, three, four or more."

her conclusion and plaintiff's medical reports, in addition to failing to acknowledge the Behavioral Health Lab Consultation.[7] See Gober, 574 F.2d at 776 (court may not infer reasons for an ALJ's decision not identified by the ALJ); see also, Burnett, 220 F.3d at 119 (ALJ must give indication of the evidence which he rejects and his reasons for discounting such evidence); Cotter, 642 F.2d at 705-07 ("In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored."). Therefore, this case should be remanded for a proper analysis of the evidence.

### C. Ability to Work on a Regular and Continuing Basis

"In assessing RFC, the [ALJ] *must* discuss the individual's ability to perform sustained work activities in an ordinary work setting *on a regular and continuing basis (i.e. 8 hours a day, for 5 days a week, or an equivalent work schedule).*" SSR 96-8p, 61 Fed. Reg. 34474, 34478 (1996) (emphases added) (footnote omitted); see Wallace v. Apfel, 1998 WL 967376, *4 (E.D. Pa. Nov. 24, 1998) (remanding case for further consideration of plaintiff's RFC because ALJ failed to apply standard set out in SSR 96-8p and SSR 96-9p); see also 20 C.F.R. § 404.1545(b); Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987); Nance v. Barnhart, 194 F. Supp.2d 302, 319 (D. Del. 2002). Furthermore, sporadic and transitory activities such as school, hobbies, housework, vacations, social activities or use of public transportation, which the ALJ's decision

---

[7]To the extent that the Commissioner provides reasons in his brief other than reasons stated by the ALJ to support her findings, the Court "cannot affirm the denial of benefits by substituting the grounds proposed by the . . . Defendant [Commissioner] for those of the ALJ." See Reynolds v. Apfel, 1999 WL 509742, *7-8 (E.D. Pa. July 16, 1999); see also Pinto v. Massanari, 249 F.3d 840, 847-48 (9th Cir. 2001); Fargnoli, 247 F.3d at 44 n.7 (quoting SEC v. Chenery Corp., 318 U.S. 80, 87 (1943)) ("The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.").

and the Commissioner's brief appear to emphasize, cannot be used to show ability to engage in substantial gainful activity. See Jesurum v. Secretary of HHS, 48 F.3d 114, 119 (3d Cir. 1995) (claimant's trip is type of sporadic and transitory activity that cannot be used to show an ability to engage continuously in substantial gainful activity); Frankenfield v. Bowen, 861 F.2d 405 (3d Cir. 1988); Smith v. Califano, 637 F.2d 968, 971 (3d Cir. 1981) ("Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity."). Here, upon remand, the ALJ must specifically discuss how the evidence relates to plaintiff's ability to perform sustained work activities on a "regular and continuing" basis. See SSR 96-8p, 61 Fed. Reg. at 34478; Wallace, 1998 WL 967376, at *4; see also 20 C.F.R. § 404.1545(b); Kangas, 823 F.2d at 777; Nance, 194 F. Supp.2d at 319.

### 6. CONCLUSION

Under the fourth sentence of 42 U.S.C. § 405(g): "The [district] court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) ("Judicial Review"); see Matthews, 239 F.3d at 593. Here, the ALJ failed to properly and "explicitly weigh[] all [the relevant] evidence," see Fargnoli, 247 F.3d at 42 (quoting Dobrowolsky, 606 F.2d at 406), and sufficiently explain the weight given to obviously probative exhibits, see Gober, 574 F.2d at 776; see also Burnett, 220 F.3d at 121. In addition, upon remand, the ALJ should specifically address the issue of plaintiff's ability to perform substantial gainful activity on a regular and continuing basis. See SSR 96-8p, 61 Fed. Reg. at 34478;

15

Wallace, 1998 WL 967376, at *4; see also 20 C.F.R. § 404.1545(b); Kangas, 823 F.2d at 777; Nance, 194 F. Supp. 2d at 319.

Since it is the function of the ALJ, not the courts, to evaluate the evidence, see Fargnoli, 247 F.3d at 42, a remand is appropriate to give the ALJ a further opportunity to properly analyze all the evidence of record and to take any necessary additional evidence[8]. See Cotter, 642 F.2d at 707; see also Walton, 243 F.3d at 709. Accordingly, plaintiff's motion for summary judgment should be granted insofar as plaintiff requests a remand, and the case should be remanded to the Commissioner for further proceedings consistent with this Report and Recommendation. Since the remand would be pursuant to sentence four of 42 U.S.C. § 405(g), the final decision of the Commissioner denying benefits to plaintiff should be reversed with a remand, and a judgment to that effect should be formally set forth "on a separate document," pursuant to Federal Rule of Civil Procedure 58. See Kadelski v. Sullivan, 30 F.3d 399, 402 (3d Cir. 1994); see also Shalala v. Schaefer, 113 S. Ct. 2625, 2629 (1993).

My Recommendation follows.

---

[8] Having concluded that the case should be remanded for further analysis of the evidence, it is unnecessary to address any remaining claims raised by plaintiff, including challenges to the ALJ's hypothetical posed to the VE at the administrative hearing. See, e.g., Slayton v. Apfel, 1999 WL 152614, *4 (4th Cir. Mar. 22, 1999) (finding it unnecessary to reach plaintiff's remaining contentions, where the case was being remanded for further evaluation of plaintiff's RFC). The ALJ's further evaluation of the evidence on remand may effect her analysis at step 5 of the sequential evaluation, as well as her credibility findings regarding other evidence in the record. Of course, upon further evaluation of the evidence, the ALJ's hypothetical questions must reflect all of plaintiff's impairments supported by the record. See Plummer, 186 F.3d at 431; Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987).

## R E C O M M E N D A T I O N

AND NOW, this 28th day of February, 2013, upon consideration of Plaintiff's Motion for Summary Judgment and her brief in support thereof and Defendant Commissioner's Response to Plaintiff's Request for Review, for the reasons explained in the accompanying Report, it is hereby RECOMMENDED that Plaintiff's Motion for Summary Judgment be GRANTED insofar as plaintiff requests a remand, and that the case be REMANDED to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Report and Recommendation. A Judgment REVERSING the Commissioner's final decision with a REMAND should therefore be entered.

/s/ L. Felipe Restrepo
L. FELIPE RESTREPO
UNITED STATES MAGISTRATE JUDGE